UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LAURA A. JENNINGS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:16-cv-00005-TWP-DML |
| ) | |
| CAROLYN W. COLVIN, Acting Commissioner ) | |
| of the Social Security Administration ) | |
| ) | |
| Defendant. ) | |

### ENTRY ON DEFENDANT'S MOTION TO DISMISS

This matter is before the Court on Defendant Carolyn Colvin's, the Acting Commissioner of the Social Security Administration ("the Commissioner"), Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b). For the reasons explained in this Entry, the Commissioner's Motion ([Filing No. 17](#)) is **GRANTED**.

### I. BACKGROUND

Plaintiff, Laura A. Jennings ("Ms. Jennings"), filed applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") on May 10 2012. ([Filing No. 18-1 at 2](#).) Her applications were denied initially on July 31, 2012, and again upon reconsideration on October 19, 2012. *Id*. As is standard, the notice of reconsideration informed Ms. Jennings that she could request a hearing, but must do so no later than sixty days after receiving the notice. Ms. Jennings timely requested a hearing on December 3, 2012, and a hearing was held. Thereafter, on January 31, 2014, the Administrative Law Judge ("the ALJ") issued an unfavorable decision, finding that Ms. Jennings was not disabled. Ms. Jennings filed a timely request for review of the ALJ's decision and on May 11, 2015, the Appeals Council issued an action denying her request for review of the ALJ's decision, making the ALJ's decision the final decision of the

Commissioner for purposes of judicial review. *Id.* at 3. According to the Commissioner's calendar, no further action was pursued on this claim. *Id.* at 3.

On June 5, 2015 Ms. Jennings filed a subsequent application for a period of DIB and SSI benefits, which was denied initially on October 14, 2015 and upon reconsideration on December 18, 2015. *Id* at 3. Rather than file a request for hearing as she had done with her initial application, on January 4, 2016, Ms. Jennings, *pro se*, filed the Complaint herein, seeking judicial review. ([Filing No. 1](#).) On April 21, 2016 the Commissioner filed a Motion to Dismiss the Complaint on two bases: (1) if Ms. Jennings is seeking review of the May 11, 2015 decision, her appeal is not timely filed and she has not shown good cause for the untimely appeal; and (2) if she is seeking review of the December 18, 2015 determination, that determination is not a final appealable decision.

After the time within which Ms. Jennings should have responded to the motion to dismiss expired, the Court issued an order allowing her up to and including May 25, 2016 to file a response, if any. ([Filing No. 19](#).) To date, no response has been filed.

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The burden of proof is on the party asserting jurisdiction. *Sapperstein v. Hager*, 188 F.3d 852, 855 (7th Cir. 1999). In determining whether subject matter jurisdiction exists, the court must accept all well-pleaded facts alleged in the complaint and draw all reasonable inferences from those facts in the plaintiff's favor. *Id.* "A document filed *pro se* is to be liberally construed," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), but a complaint as a whole must reveal a proper basis for jurisdiction. *See Loss v. Blankenship*, 673 F.2d 942, 950 (7th Cir. 1982).

When reviewing a 12(b)(6) motion, the Court takes all well-pleaded allegations in the complaint as true and draws all inferences in favor of the plaintiff. *Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008) (citations omitted). However, the allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citations omitted). To be facially *plausible*, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

### III.  DISCUSSION

In relevant parts, Ms. Jennings' Complaint alleges the following: "The plaintiff initially applied in 2012. It was denied 2015. Plaintiff was asked to reapply in 2015 and cause was again denied 18 December 2015 without examination of all medical records." (Filing No. 1 at 2.) Because it appears that she challenges both the May 11, 2015 decision and the December 18, 2015 determination, the Court will address both claims.

**A.    The May 11, 2015 Decision**

To the extent that Ms. Jennings seeks review of the ALJ's May 11, 2015 decision, the Commissioner asserts correctly, that she had sixty days, or until July 13, 2015, within which to file a complaint in federal court. Because her Complaint was not filed until January 4, 2016 – almost six months after the deadline – the Commissioner argues that her Complaint should be dismissed as untimely.

An individual must commence a civil action "within sixty days after the mailing to him of notice of [the Commissioner's final] decision." 42 U.S.C. § 405(g). The sixty day time period begins when the person receives the notice. 20 C.F.R. §§ 404.981, 422.210(c). The final decision of the Commissioner in this case was issued on May 11, 2015, when the Appeals Council denied Ms. Jennings' request for review of the ALJ's decision. The date of receipt is presumed to be five days after the date of such notice, unless a reasonable showing to the contrary is made to the Appeals Council. *See* 20 C.F.R. §§404.901, 422.210(c).

A person can overcome the five day presumption by a reasonable showing that the notice was received on a different date. *Boyer v. Astrue*, 2012 WL 6084633. Under the timeline presented, Ms. Jennings was required to file a civil action on or before July 13, 2015, unless a reasonable showing to the contrary is made to the Appeals Council. Ms. Jennings offers no evidence to rebut the presumption that she received the notice outside of five days after it was dated or that she made a showing otherwise to the Appeals Council.

Additionally, the sixty day statutory filing period may be subject to waiver, estoppel, or equitable tolling. *See Zipes v. Trans World Airlines, Inc*., 455 U.S. 385, 393, (1982). Equitable tolling is proper if the plaintiff diligently pursued his rights and extraordinary circumstances beyond his control prevented him from timely filing his complaint. *Lee v. Cook Cnty., Ill.,* 635 F.3d 969, 972 (7th Cir.2011). Here, the Commissioner has not waived the defense of untimeliness and Ms. Jennings does not make an estoppel or equitable tolling argument.

Unfortunately for Ms. Jennings, her failure to respond to the Motion to Dismiss is fatal to her claim. Ms. Jennings' Complaint alone does not contain the information the Court needs to evaluate the Commissioner's Motion to Dismiss. When a defendant files pertinent documents with a motion to dismiss, the documents "are considered part of the pleadings if they are referred

to in the plaintiff's complaint and are central to [his] claim." *Venture Assocs. Corp. v. Zenith Data Sys. Corp.,* 987 F.2d 429, 431 (7th Cir.1993). Accordingly, the Court may appropriately consider the Notice of Appeals Council Action (Filing No. 81-1 at 55) presumably sent and received by Ms. Jennings within five days, as submitted by the Commissioner with its Motion to Dismiss.

Ms. Jennings has not rebutted the presumptive five day notice requirement and none of the other exceptions apply. For these reasons, the Court concludes that the Complaint, as it relates to the May 11, 2015 decision was untimely filed pursuant to 42 U.S.C. § 405(g), and must be **dismissed** for failure to state a claim upon which relief may be granted.

B. <u>**The December 18, 2015 Determination**</u>

To the extent that Ms. Jennings seeks review of the December 18, 2015 denial upon reconsideration, that determination is not a "final decision of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g). In other words, seeking judicial review of the December 18, 2015 ruling is premature; therefore, this Court lacks subject matter jurisdiction.

Subject matter jurisdiction is vested in this Court to review claims arising under the Social Security Act in 42 U.S.C. § 405(g). Section 405(g) provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision." Further, the Commissioner's regulations set forth that the dismissal of a hearing request is binding, thus not subject to judicial review. 20 C.F.R. § 404.959. *See Califano v. Sanders*, 430 U.S. 99, 108 (1977) (stating that judicial review of Social Security actions are clearly limited "to a particular type of agency actions, a 'final decision of the Secretary made after a hearing'"); *Watters v. Harris*, 656 F.2d 234, 238–39 (7th Cir. 1980) ("[R]efusals to extend

administrative deadlines for requesting a hearing before an ALJ are not reviewable under Section 405(g)").

The Court does not have subject matter jurisdiction over Ms. Jennings' Complaint as it relates to the December 18, 2015 determination because there has not been a reviewable final decision made after a hearing.  Therefore, the motion to dismiss this claim must also be **granted** and this action **dismissed without prejudice** as the Court lacks subject matter jurisdiction[1].

### IV.  CONCLUSION

Accordingly, for the reasons stated above, the Commissioner's Motion to Dismiss (Filing No. 17) is **GRANTED** and this action is **DISMISSED.**

SO ORDERED.

Date:  7/6/2016

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Laura A. Jennings
6500 W. U.S. 52
New Palestine, Indiana  46163

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE
kathryn.olivier@usdoj.gov

---

[1] Denial of relief and dismissal of the case ends this action in the district court. The fact that the dismissal is without prejudice to filing another suit does not make the case unappealable. When an action is "infected with an incurable jurisdictional defect," the judgment should dismiss the action in its entirety and may use the words "without prejudice" so as not to impede the plaintiff's ability to bring the claim in a different court. *Am. Nat'l Bank & Trust Co. of Chicago v. Equitable Life Assur. Soc. of U. S*, 406 F.3d 867, 874-75 (7th Cir. 2005).